Concurring in judgment and opinion with respect to appellant's first assignment of error, and concurring in judgment only with respect to appellant's second assignment of error.
The principal opinion is correct that the agency must file a motion for permanent custody before the trial court can grant it permanent custody. R.C. 2151.414.
However, I disagree with the principal opinion's assertion that Tia's grandparents could not file a motion pursuant to R.C. 2151.415(F).
R.C. 2151.415(F) gives certain people and entities the authority to file a motion for the trial court to conduct a hearing to determine whether it should issue any dispositional order set forth in R.C.2151.415(A)(1)-(5), which includes "an order permanently terminating the parental rights of the parents." R.C. 2151.415(B) explicitly requires that all permanent custody orders comply with R.C. 2151.413 2151.414. These sections require the agency to file the motion for permanent custody. However, there is nothing in these sections that contradicts R.C.2151.41(F)'s authority for a listed person or entity to file a motion seeking to terminate parental rights. Thus, a person or entity listed in R.C. 2151.415(F) possesses the authority to file a motion seeking any dispositional order set forth in R.C. 2151.415(A)(1)-(5). R.C. 2151.415(F) allows a legal guardian to file a motion seeking a determination of whether the natural parent's parental rights should be terminated.
Here, the Shepherds, as Tia's legal guardians, were correct in filing a motion seeking to terminate Melissa's parental rights, but the trial court erred in granting permanent custody to the agency without the agency having filed a motion seeking permanent custody.
Accordingly, I agree that on remand the trial court can grant permanent custody to the agency only if the agency files for permanent custody.
 JUDGMENT ENTRY
It is ordered that the appeal be REVERSED AND REMANDED and that appellant recover of appellees the costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Division of the Highland County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment and Opinion as to First Assignment of Error, and Concur in Judgment Only as to Second Assignment of Error with Attached Concurring Opinions.